EASTERN DIST. *March*, 1832.

BAINS
*vs.*
HIGGINS.

## BAINS *vs.* HIGGINS.

APPEAL FROM THE COURT OF THE THIRD DISTRICT, THE JUDGE OF THE EIGHTH PRESIDING.

If there be sufficient time, the appellee must be cited before the Court of Appeals at its next term, or the appeal will be dismissed.

Where the law is absolute in its provisions, it cannot be changed by a rule of court.

In this case a motion was made to dismiss the appeal, on the ground of certain irregularities which are stated in the opinion of the court, delivered by *Mathews, J.*

This case is before the court on a motion to dismiss the appeal, on the ground of not having been taken and made returnable according to law, &c.

The judgment of the court below, was rendered on the third of June, 1831. The petition for an appeal, prayed that it might be made returnable on the second Monday of January, 1832 ; which was accordingly ordered, and citation served on the appellee to appear in the Supreme Court on the day fixed by the order of the judge *a quo.* To show that the

proceedings in this cause (subsequent to the final judgment in the District Court) are erroneous and contrary to law, the counsel for the appellee relies on the *article* 583 *of the Code of Practice,* which is imperative that "the appellee must be cited to appear before the Court of Appeals, at its next term, if there be sufficient time for doing so, &c. ; and if there be not, &c. he shall be cited to appear before the same, at the subsequent term." The appeal bond is dated on the twenty-third of June, 1831, and was given for an amount sufficient to stay execution. Subsequent to that period, and previous to the term at which the appeal was made returnable, their terms of the Supreme Court had elapsed, viz. July, November and December. There was, perhaps, not sufficient time to have cited the appellee to appear in July term. But clearly under this article of the Code of Practice, he should have been cited to appear at the next term. This rule of Practice is entirely just and reasonable in all suspensive appeals, and should in ordinary cases be enforced. It is, however, contended that the present being a cause from one of the Districts embraced by the rule of this court, fixing appeals from the country to be tried in particular terms, it would have been vain and nugatory to have caused it to be made returnable at any other than one of those terms; but the law seems to us to be absolute in its provisions, and could not be legally changed by any rule of court. The opinion now expressed, is in conformity with that pronounced in the case of *S. C. & R. Bell* vs. *Williams,* in last January term.

It is, therefore, ordered, adjudged and decreed, that this appeal be dismissed at the costs of the appellant.

*If there be sufficient time, the appellee must be cited before the court of appeals at its next term, or the appeal will be dismissed.*

*When the law is absolute in its provisions, it cannot be changed by a rule of court.*